## No. 225

### GUIDER et v. SHAFER et

Ohio Appeals, 3rd Dist., Hardin Co.

No. 168. Decided Feb. 8, 1927

**1139. SURETY BONDS** — Cancellation of surety on a bond without consent or knowledge of co-sureties is a material alteration thereof.

**480. EVIDENCE**—Competent for co-sureties to show that cancellation, which is apparent upon its face, was done without authority; and if such were the fact, they would be exonerated from liability.

**First Publication of this Opinion**

HUGHES, J.

George Druschel procured a contract for a road improvement from the Highway Department. He tendered a bond with his own name, on it as principal and the names of John Guider et al, together with the names of John Herzog and Son, by Bert Herzog, as sureties.

The body of the bond was left blank insofar as the names of the sureties were concerned, but was returned to Druschel with the information that Herzog & Son could not be accepted as surety because they were contractors, doing work under the Highway·Department. This name was cancelled by having an ink line drawn through, apparently by some one in the Highway Department before the bond was returned to Druschel.

Druschel was unable to pay all his sub-contractors, among whom was Richard Shafer, et al, who sued Drushel for a balance due for work, labor and material, in the Hardin Common Pleas. Guider, et al., were joined as sureties, and judgment in the lower court was in favor of sub-contractors. Guider et al, prosecuted error and the Court of Appeals held:

1. The sole question is whether or not Guider et al, are discharged from their obligations as sureties by reason of the cancellation of one of the sureties with them on the original paper that they signed; the cancellation and release of Herzog & Son having been done without their knowledge and consent.

2. Where there is a material alteration by the principal or by the obligee, either before or after its delivery, without the knowledge or consent of the surety, the surety is discharged from his liability unless there is some feature in the case that would bring the surety within the rule that whenever one of two inno-

cent parties must suffer by the act of a third, he who has enabled such person to occasion the loss, must sustain it.

3. It is well settled that the cancellation of a surety on a bond or note without the knowledge or consent of the co-sureties, is a material alteration of the instrument.

4. The sureties affixed their names jointly with Herzog & Son; expecting by the terms of the agreement to be jointly bound with the partnership of Herzog & Son.

5. The bond, as far as the signatures were concerned, was complete, and there was no authority by implication, given anyone to release any one of the sureties.

6. It was competent for the plaintiff in error to show that the cancellation, which is apparent upon its face, was done without authority, and that if such were the fact, the law would exonerate them from a liability under the bond.

Judgment reversed and cause remanded.

Attorneys—Stickle &Cessna for Guider et; Henderson & Roof, Mahon & Mahon for Shafer et; all of Kenton.